U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

APR 1 1 2013

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Amy Macip

versus

Louisiana Health Service &
Indemnity Co.

Civil Action No. 10-01678

Judge Richard T. Haik

Magistrate Judge C. Michael Hill

## MEMORANDUM RULING

Before the Court are cross motions for summary judgment filed by defendant, Louisiana Health service & Indemnity Company *d/b/a* Blue Cross & Blue Shield of Louisiana ("Blue Cross") [Rec. Doc. 15] and plaintiff, Amy Macip [Rec. Doc 17]. For the following reasons, the motion for summary judgment filed by defendant will be granted and the motion for summary judgment filed by plaintiff will be denied.

### I. Background

This is an action arising from the denial of benefits under an Employment Retirement Income Security Act ("ERISA") plan, 29 U.S.C. § 1001 et seq. The following represents the undisputed facts. *R. 15-2; 17-1.* Plaintiff was a full time employee of Tiger Management Services, LLC, and was eligible for group health insurance through its Blue Cross ERISA plan ("the Plan"). Plaintiff enrolled as a participant and beneficiary of the Plan effective December 15, 2007. On September 30, 2009, Dr. Thomas Borland performed bariatric (gastric sleeve) surgery on plaintiff. On October 1, 2009, a few days after her surgery, plaintiff was admitted to Iberia Medical Center for severe abdominal pain. On her fifth day of treatment at Iberia Medical, plaintiff underwent an emergency exploratory laparotomy. A perforation in her left transverse colon with associated abscesses was found. Plaintiff was diagnosed with abdominal pain status post-gastric sleeve and gastrointestinal complications. Surgery was performed to repair a perforated bowel leak. Plaintiff was discharged on October 12, 2009.

In her Petition[1], plaintiff contends that the Plan provided coverage "for the medical treatment and other services provided to her on October 1, 2009 and subsequent to that date." Alternatively, plaintiff asserts that the Plan's provisions are vague and ambiguous and therefore should be interpreted in favor of coverage. *R. 1*. Blue Cross asserts that plaintiff's claims arise from its denial of benefits claimed by plaintiff relative to her medical treatments for gastric sleeve surgery and its complications, which are excluded under the Plan.

## *II. Summary Judgment Standard*

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. Where cross-motions for summary judgment are presented, "the motions are reviewed independently, with evidence and inferences taken in the light most favorable to the nonmoving party." *White Buffalo Ventures, L.L.C. v. Univ. of Tex. at Austin*, 420 F.3d 366 (5th Cir. 2005). If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir.1995).

## *III. ANALYSIS*

Federal Courts have exclusive jurisdiction to review determinations made by employee benefit plans, including disability benefit plans. With regard to the interpretation of the terms, a plan administrator's denial of benefits under ERISA is reviewed under a de novo standard unless the benefit plan gives the plan administrator the discretionary authority

---

[1] Plaintiff's action was filed in the 16th Judicial District Court, Iberia Parish, and removed to this Court on November 3, 2010. *R. 1*.

to construe the terms of the plan, in which case, the standard of review is abuse of discretion. *Firestone Tire and Rubber Co. et al. v. Bruch, et al.*, 489 U.S. 101, 115 (1989). In this case, the parties do not dispute that ERISA governs the Plan at issue; that the Plan vests Blue Cross with full discretionary authority to determine eligibility for benefits and/or construe the terms of the Plan; and ERISA preempts all state law claims related to the Plan at issue. Therefore, the Court will review the denial of benefits under an abuse of discretion standard.

The Fifth Circuit has delineated a two-step process to review a plan fiduciary's interpretation of its plan:

> First, a court must determine the legally correct interpretation of the plan. If the administrator did not give the plan the legally correct interpretation, the court must then determine whether the administrator's decision was an abuse of discretion. In answering the first question, i.e., whether the administrator's interpretation of the plan was legally correct, a court must consider:
>
> (1) whether the administrator has given the plan a uniform construction,
>
> (2) whether the interpretation is consistent with a fair reading of the plan, and
>
> (3) any unanticipated costs resulting from different interpretations of the plan.

*Ellis v. Liberty Life Assur. Co. Of Boston*, 394 F.3d 262, 269–70 (5th Cir.2004). "If [the Court] determine[s] that the fiduciary's interpretation of the plan was legally correct, the inquiry is over, pretermitting any need to consider whether a legally incorrect interpretation of the fiduciary was not an abuse of discretion." *Id.* If the Court determines that the fiduciary's interpretation of the plan was legally incorrect, the Court turns to the second issue: abuse of discretion. In reviewing a decision for abuse of discretion, the Court considers whether the decision was arbitrary or capricious. "When reviewing for arbitrary and capricious actions resulting in an abuse of discretion, we affirm an administrator's decision if it is supported by substantial evidence." *Broussard v. Jefferson Pilot Financial Ins. Co.*, 2006 WL 681189 (W.D.La. Mar. 15, 2006) (citing *Meditrust Financial Services Corp. v.*

3.

*Sterling Chemicals, Inc.*, 168 F.3d 211, 214–15 (5th Cir.1999)). "A decision is arbitrary only if 'made without a rational connection between the known facts and the decision or between the found facts and the evidence.'" *Id.*

The abuse of discretion standard is modified if there is a conflict of interest, as where the insurer is also the plan administrator. *Broussard* at *3. "[I]f a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" *Bruch* at 115(citations omitted). The standard is subject to a sliding scale: "The greater the evidence of conflict on the part of the administrator, the less deferential [the Court's] abuse of discretion standard will be." *Ellis* at FN18 (citing *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 637–38 (5th Cir.), modified, 979 F.2d 1013 (1992)).

However, the Court will not assume a conflict exists just because a plan fiduciary both insures the plan and administers it. An ERISA plaintiff must come forward with evidence that a conflict exists, and any reduction in the degree of the Court's deference depends on such evidence. *Id.* In this case the plaintiff has made no argument and set forth no evidence that a conflict exists because Blue Cross is the Plan administrator and the Plan insurer. *See Vega v. National Life Ins. Serv., Inc.*, 188 F.3d 287, 297 (5th Cir.1999).

Blue Cross maintains that in exercising its discretion as Plan administrator, it properly denied benefits because plaintiff's October 1, 2009 hospital admission arose from gastrointestinal complications related to her gastric sleeve surgery, which was not covered by the Plan. The Plan exclusion states in pertinent part as follows:

ARTICLE XIX. LIMITATIONS AND EXCLUSIONS

    A.    Services, supplies and treatment for services that are not covered under this Benefit Plan and complications from services, supplies and treatment for services that are not covered under this Benefit plan are excluded.

B  .... Unless otherwise shown as covered in the schedule of benefits, the following are not covered, REGARDLESS OF CLAIM OF MEDICAL NECESSITY:

9. Regardless of medical Necessity services, surgery, supplies, treatment or expenses related to:

a. weight reduction programs;

b. removal of excess fat or skin, regardless of Medical Necessity, or services at the health spa or similar facility; or

c. obesity or morbid obesity, regardless of Medical Necessity.

*R. 12, Admin. Rec. BC-171.*

Plaintiff contends that the Plan language regarding "obesity and the symptoms that could result from that condition" is vague and ambiguous in that paragraph 9 (above) excludes any "services, treatment or expenses related to any weight loss 'program' [or] . . . to obesity." *R. 17.* Plaintiff further contends that under paragraph 9, "any obese person covered by this policy is in danger of being denied benefits." *Id.*

The Administrative Record provides that plaintiff's surgeon, Dr. Borland indicated that plaintiff's October 1, 2009 hospitalization and surgery were related to "post gastric sleeve gastrectomy with probable leak." *R. 12, BC-125.* Moreover, Dr. William Weldon, who provided Blue Cross an opinion based on plaintiff's appeal, stated, "there is no evidence at all to suggest any etiology of this patient's post op problem other than a complication related to the bariatric [gastric sleeve] procedure." *R. 12, BC-182.* While plaintiff contends that this conclusion "is not based upon any evidence or a reasonable interpretation of any evidence in the administrative record," plaintiff has provided nothing in support of her contention nor any evidence to dispute Dr. Weldon's opinion. The Court finds that the administrator was correct in its interpretation of the clear terms of the Plan indicating that the surgery and services rendered to plaintiff's hospitalization beginning October 1, 2009 were

complications from her gastric sleeve surgery and are not covered under the Plan.

*IV. Conclusion*

Considering the issue that is before the Court, whether the Plan administrator abused its discretion in denying benefits to plaintiff, the record reflects that the Plan administrator's determination does not violate the plain meaning of the Plan's language. Thus, denying benefits was a legally correct interpretation of the Plan and did not amount to an abuse of discretion. Accordingly, Amy Macip's motion for summary judgment will be denied and Blue Cross' motion for summary judgment will be granted.

Richard T. Haik, Sr.
U.S. District Judge